UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRADLEY JAMES AND** | § | |
| **INDEPENDENT RESOURCES** | § | |
| **OPERATING COMPANY, INC.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. 4:15−cv−03102** |
| **v.** | § | |
| | § | |
| **CHUBB CUSTOM INSURANCE** | § | |
| **COMPANY AND U.S. RISK, INC.** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO
### PLAINTIFFS' MOTION TO REMAND

Defendants Chubb Custom Insurance Company ("CCIM") and U.S. Risk, Inc. ("US Risk") (collectively, "Defendants") file this Joint Response in Opposition to Plaintiffs' Motion to Remand (Doc. 8), and would respectfully show this Court that it has diversity jurisdiction because the non-diverse defendant has been improperly joined.

### I.
### BACKGROUND

On August 14, 2015, Plaintiffs Bradley James and Independent Resources Operating Company, Inc. (collectively, "Plaintiffs") commenced this breach of contract action against Defendants claiming they breached the insurance policy at issue by failing to pay a judgment Plaintiffs obtained against CCIM insured Victory Drilling, LLC ("Victory") in a prior lawsuit. CCIM removed this case to federal court, contending non-diverse defendant US Risk had been improperly joined. Plaintiffs' vague, conclusory and boilerplate allegations against US Risk are insufficient to support a reasonable probability of recovery from US Risk and CCIM's evidence shows that Plaintiffs have no factual basis for their claims. Because US Risk has been

improperly joined to defeat federal jurisdiction, Plaintiffs' Motion to Remand should be denied and all claims asserted by Plaintiffs against US Risk should be dismissed.

## II.
## SUMMARY JUDGMENT TYPE EVIDENCE

In support of its Response, CCIM relies on the following summary judgment-type evidence that is included in an Appendix being filed contemporaneously with this response. Citation to materials in the Appendix will be made as App. XX, with specific reference to the relevant page.

>  Exhibit A:  Declaration of Leigh Ann Crowder (App. 005-006)
> 
>  Exhibit A-1: Certified copy of Market Choice Protection Policy Number 7956-08-96 issued by CCIM to Victory for the period of May 20, 2005, to May 20, 2006 (the "Policy") (App. 008-106)
> 
>  Exhibit B:  Declaration of Norman Girouard (App. 108-109)
> 
>  Exhibit C:  Declaration of Randall G. Goss (App. 111-112)

## III.
## IMPROPER JOINDER STANDARD

If there is an "inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court," improper joinder is established. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). Stated somewhat differently, improper joinder is shown if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004). A court is to look at plaintiff's factual allegations to determine whether the petition states a claim against the non-diverse defendant. *Id.* At the outset, it is important to note that it is not sufficient for the plaintiff to show "any mere theoretical possibility of recovery" to preclude removal. *Id.* at 573, n.7; *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Therefore, "[m]erely *pleading* a valid state law claim, or one whose validity is

reasonably arguable, against the resident defendant does not mean that joinder of the resident defendant is not fraudulent." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (emphasis original).  Furthermore, the scope of the inquiry for improper joinder is broader than a simple Rule 12(b)(6) analysis "because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim."  *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

## IV.
## ARGUMENTS AND AUTHORITIES

US Risk was joined as a defendant herein for the sole purpose of preventing CCIM from exercising its right to have this case removed to and heard by this Court.  There is no reasonable basis for this Court to predict that Plaintiffs might be able to recover from US Risk.  Because US Risk's joinder is improper, Plaintiffs' Motion to Remand should be denied and all claims against US Risk should be dismissed.

### A. The amount in controversy is met.

Plaintiffs seek monetary relief greater than $1,000,000.  Doc. 1-1, p. 45 at Prayer.  Plaintiffs do not contest that the amount in controversy exceeds $75,000.  Nor do Plaintiffs dispute that CCIM is a non-Texas citizen and diverse from Plaintiffs.  As a result, the only issue presented is whether US Risk was improperly joined.

### B. Plaintiffs have no factual basis for their claim against US Risk.

Plaintiffs' sole cause of action against US Risk is for breach of contract.  *See* Complaint (Doc. 1-1, pp. 42-46).  Plaintiffs claim the "Defendants issued an insurance policy to [Victory]" (Doc. 1-1, p. 43 at ¶8) which "provided coverage for Victory's liability… [in the prior lawsuit]" (Doc. 1-1, p. 44 at ¶12) and "Defendants" engaged in the following acts or omissions in breach of the Policy:

- "were aware of the claims against Victory [in the prior lawsuit] but failed to satisfy their obligations under the insurance policy;" (Doc. 1-1, p. 44 at ¶10)
- "were aware of the judgment entered [in the prior lawsuit] but failed to satisfy their obligations under the insurance policy;" and (Doc. 1-1, p. 44 at ¶11);
- "have never satisfied their insurance obligations pursuant to their insurance policy with Victory;" (Doc. 1-1, p. 44 at ¶13).

Plaintiffs have not alleged a single act or omission by US Risk sufficient to establish a reasonable probability of recovering from US Risk individually.

Plaintiffs' conclusory allegations against "Defendants" collectively lack factual support and do not establish a plausible claim against US Risk. *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999) ("We cannot say that [plaintiff's] petition, which mentions [the insurance agent] once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit notice pleading."); *TAJ Properties, LLC v. Zurich Am. Ins. Co.,* CIV.A. H–10–2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) (denying motion to remand because "[a]llegations merely asserted against 'Defendants,' without alleging what facts are attributed to [the non-diverse party] individually as opposed to [the diverse party], do not provide a reasonable basis for recovering from [the non-diverse party]."); *see also Marquez v. Allstate Texas Lloyds*, No. CIV.A. H-13-3644, 2014 WL 710952, at *2 (S.D. Tex. Feb. 24, 2014).

In an improper joinder analysis, the Court may consider summary judgment-type evidence demonstrating that the named non-diverse defendant did not engage in the conduct complained of. The Fifth Circuit has explicitly recognized that even where a plaintiff has stated a claim against a non-diverse defendant under a 12(b)(6) analysis, that same plaintiff may

misstate or omit discrete facts that determine the propriety of joinder. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004). In those instances where facts are misstated, it is appropriate to consider summary judgment-type evidence.

The Fifth Circuit has provided examples to illustrate and explain this concept. *Id.* at 574, n.12. For example, in a case arising from the non-diverse defendant's treatment of the plaintiff patient, it would be appropriate to consider summary judgment type evidence that the non-diverse physician did not treat the plaintiff. *Id.* Or, in a case arising from a prescription medication, it would be appropriate to use summary judgment evidence to establish that the non-diverse pharmacist did not fill the prescription. *Id.* Where the evidence demonstrates that the non-diverse defendant was not involved in the complained of conduct, this does not constitute an improper inquiry into the merits. *Warren v. State Farm Mutual Auto. Ins. Co.*, 3:08-cv-0768-D, 2008 WL 4133377, at *7 (N.D. Tex. Aug. 29, 2008) (noting that evidence that the non-diverse insurance adjuster defendant did not handle the claim at issue and did not have decision making authority regarding the claim would be properly considered in a joinder analysis and would not constitute impermissible evidence tending to prove or disprove the merits of the case).

In *Jackson v. Union Pacific Railroad Co.*, No. 3:06-CV-0768-L, 2007 WL 188653 (N.D. Tex. Jan. 24, 2007), the plaintiff's husband was killed in a collision with a train. The plaintiff sued Union Pacific Railroad and Phillip Park, a Texas resident who was the conductor of the train. Union Pacific removed contending that Park had been improperly joined. In analyzing improper joinder, the Court noted "where a plaintiff has 'misstated or omitted discrete facts,' a court may go beyond the pleadings and conduct a summary inquiry to determine whether recovery would be precluded against the in-state defendant." *Id.* at *3. Union Pacific submitted an affidavit of Parks in which he explained that as conductor he was responsible for the cargo

being transported by the train in question, but he was not operating the locomotive at the time of the collision. *Id.* The Court concluded that though the plaintiff had alleged Park was the driver or operator of the train, there was no summary judgment-type evidence to support that proposition. *Id.* As a result, although the plaintiff stated a facially valid claim against Park, Park was improperly joined, and the plaintiff's motion to remand was denied. *Id.*

A similar analysis and result occurred in *Garcia v. LG Electronics USA Inc.*, No. B-11-61, 2011 WL 2517141 (S.D. Tex. June 23, 2011). In *Garcia*, the plaintiffs filed a personal injury suit arising from a house fire. *Id.* at *1. The plaintiffs instituted suit in state court against LG Electronics and Friedrich Air Conditioning, a Texas retailer who sold the product that allegedly caused the fire. *Id.* LG removed alleging Friedrich was improperly joined because under Texas law, Friedrich could have no liability as the seller of the allegedly defective product unless it participated in the manufacture or design of the product. *Id.* After noting the pharmacist example provided in *Smallwood*, the Court found that the situation of the "innocent retailer who has never had any involvement with the product other than the sale is substantially analogous." *Id.* at *4. Friedrich submitted an affidavit indicating that it had no involvement in the design or manufacture of the product involved in the fire. *Id.* at *5. As a result, the Court concluded that while the plaintiff may have <u>stated a claim</u> against Friedrich, Friedrich was nonetheless improperly joined because the evidence established it was not a proper defendant. *Id.* at *7.

Similarly here, even if it is assumed Plaintiffs stated a claim against US Risk which satisfies Rule 12(b)(6) and the fair notice pleading standards (which is denied), it is proper to examine summary judgment-type evidence to determine if US Risk had any involvement in the activity upon which Plaintiffs' suit is based. Because US Risk was not involved in the conduct

of which Plaintiffs complain, Plaintiffs have no reasonable possibility of recovering from US Risk and their Motion to Remand should be denied.

Plaintiffs erroneously contend that US Risk failed to satisfy its obligations pursuant to its insurance policy with Victory. *See* Doc. 1-1, p. 45 ¶15. In truth, US Risk is not a party to the Policy and has no obligations to Victory or Plaintiffs thereunder. The Declarations of Leigh Ann Crowder (Ex. A),[1] Norman Girouard (Ex. B),[2] Randall G. Goss (Ex. C),[3] and the Policy itself (Ex. A-1)[4] demonstrate that US Risk is not a party to the Policy and was not involved in the alleged acts and omissions which form the basis of Plaintiffs' breach of contract action herein. *See* Ex. A-C. (App. 005-112). US Risk's only relationship to the Policy is that it acted as Producer, as noted on the Policy itself. Ex. A-1 (App. 010, 014, 017-022) (identifying US Risk as "Producer").

US Risk is not a party to the Policy, had no obligation under the Policy with respect to the Claim, and did not fail to satisfy any obligation with respect to the Claim under the Policy. Ex. A at ¶¶4-6 (App. 006); Ex. A-1 (App. 008-106); Ex. B at ¶¶3-8 (App. 109); Ex. C at ¶¶2-10 (App. 111-112). US Risk had no responsibility or role in the processing, adjusting, or handling of the Claim. *Id.* US Risk also had no responsibility or role in the decisions whether to accept or deny coverage of the Claim and whether to accept, deny and/or pay the judgment against Victory. *Id.* Because US Risk is not a party to the Policy, and was not involved in adjusting Plaintiffs' claim or deciding whether or not to pay the Judgment, Plaintiffs cannot recover from

---

[1] App. 005-006.

[2] App. 108-109.

[3] App. 111-112.

[4] App. 008-106. The Policy expressly provides that it is being "issued" by **CHUBB CUSTOM INSURANCE COMPANY**, referred to in the Policy as the "Company," and that US Risk is simply the "Producer." Ex. A-1 (App. 010, 014, 017-022). Further, the applicable coverage grant provides that "we will pay damages that the insured becomes legally obligated to pay . . ." (emphasis added), and "we" is defined in the Policy as the "Company providing this insurance." *Id.* (App. 025).

US Risk.  *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816-817 (5th Cir. 1993) (affirming district court's denial of motion to remand where improperly joined defendant was wrongfully alleged to be a party to a contract); *see also e.g., Griggs*, 181 F.3d at 700 (finding an insurance agent who was not in a contractual relationship with the insured could not be liable to the insured for breach of contract).   In short, then, Plaintiffs have no reasonable possibility of recovery from US Risk, its joinder is improper and Plaintiffs' Motion to Remand should be denied.

### C.  Because Plaintiffs cannot recover from US Risk, it should be dismissed.

 "A finding of fraudulent joinder is tantamount to granting summary judgment dismissing the defendant who was fraudulently joined."  *Hunter v. Sirmans*, No. CIV.A 08-0043, 2008 WL 4717067, at *5 (W.D. La. Aug. 15, 2008) (citing *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 102 (5th Cir .1990) ("summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery")); *see also Hoffman v. Ellender*, No. CIV.A. 15-309-JWD, 2015 WL 4873342, at *7 (M.D. La. July 23, 2015) *report and recommendation adopted*, No. CIV.A. 15-309-JWD, 2015 WL 4873350 (M.D. La. Aug. 13, 2015) (dismissing improperly joined defendant).  Because Plaintiffs have no reasonable possibility of recovering from US Risk, Defendants request that the Court grant summary judgment *sua sponte* and dismiss Plaintiffs' claims against US Risk with prejudice.  *See Hunter*, 2008 WL 4717067 at *5.

## V.
## CONCLUSION

Plaintiffs have no viable claim against US Risk and joined it as a defendant herein for the sole purpose of defeating federal jurisdiction.  Plaintiffs' allegations against US Risk are vague, boilerplate, and largely nothing more than legal conclusions couched as factual allegations. When the causes of action and alleged violations are examined in light of the facts, it is apparent

that US Risk was improperly joined. As a result, Plaintiffs' Motion to Remand should be denied and the claims against US Risk should be dismissed.

WHEREFORE, Defendants pray that Plaintiffs' Motion to Remand (Doc. 8) be denied, that a summary judgment be entered *sua sponte* in favor of US Risk, that Plaintiffs' claims against US Risk be dismissed with prejudice, and for such other and further relief to which they may shows themselves to be justly entitled.

Respectfully submitted,

  /s/James H. Moody, III
JAMES H. MOODY, III
Texas Bar No. 14307400
S.D. Bar No. 17723

**QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
hmoody@qslwm.com

**ATTORNEYS FOR DEFENDANT
CHUBB CUSTOM INSURANCE COMPANY**

  /s/Brett W. Schouest
Brett W. Schouest
State Bar No. 17807700
Fed ID No. 15363

**DYKEMA COX SMITH**
112 East Pecan, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 (Telephone)
(210) 226-8395 (Facsimile)
bschouest@dykema.com

**ATTORNEYS FOR DEFENDANT U.S. RISK, INC.**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 9th day of December, 2015, a true and correct copy of the foregoing document was served, via ECF, in accordance with the Federal Rules of Civil Procedure, upon all counsel of record.

                                                                            */s/James H. Moody, III*
                                                                            James H. Moody, III