UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADLEY  JAMES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-3102 |
| | § | |
| CHUBB CUSTOM INSURANCE | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Remand filed by Plaintiffs Bradley James and Independent Resources Operating Company, Inc. (Doc. No. 8.) Defendants Chubb Custom Insurance Company and U.S. Risk, Inc. filed a joint response. (Doc. Nos. 9 & 10.) The time for filing a reply has elapsed without one being filed. Accordingly, the motion is ripe for adjudication. Having carefully considered the motion, response, and applicable law, the Court finds that the motion to remand should be denied.

### I.    BACKGROUND

On August 14, 2015, Plaintiffs filed their original petition against Defendants in state court, alleging breach of contract. (Doc. No. 1, Ex. A at 14.) The following facts are drawn from that petition. Defendants issued an insurance policy to Victory Drilling covering a time period of May 20, 2005, to May 20, 2006. (*Id.* at 15.) Plaintiffs and Victory Drilling entered into a contract for drilling services on December 13, 2005. (*Id.*) Victory did not perform all of its obligations under the contract. (*Id.* at 16.) In May 2014, a state court entered a final judgment against Victory Drilling to the benefit of Plaintiffs. (*Id.*) Defendants were aware of the state court proceedings, including the final judgment, against Victory. (*Id.*) However, Defendants did not

satisfy their obligations under their insurance policy with Victory. (*Id.*) Plaintiffs qualify as insureds under the plain language of the insurance policy between Victory and Defendants because Plaintiffs are third-party beneficiaries. (*Id.* at 17.)

Chubb was served with Plaintiffs' petition on October 16, 2015. Chubb filed its notice of removal on October 21, 2015, contending that U.S. Risk, the sole non-diverse defendant, was improperly joined. (*Id.* at 3–5.)

Plaintiffs' motion to remand argues that U.S. Risk is properly joined. Plaintiffs contend that Chubb as the removing defendant must demonstrate by clear and convincing evidence that U.S. Risk is improperly joined. Plaintiffs maintain that their petition states a claim against U.S. Risk by alleging that U.S. Risk failed to satisfy its obligations under its insurance policy with Victory. (Doc. No. 8 at 4.) Plaintiffs criticize Chubb's notice of removal for ignoring these allegations and merely creating a disputed question of fact as to whether U.S. Risk issued the insurance policy to Victory. (*Id.* at 6.)

Defendants respond that Plaintiffs' petition fails to allege any act or omission by U.S. Risk that would allow Plaintiffs to recover against U.S. Risk individually. (Doc. No. 9 at 4.) Defendants say that Plaintiffs' petition contains conclusory allegations that do not differentiate between the two defendants.

In addition, Defendants provide summary judgment-type evidence to support their position that U.S. Risk did not issue the insurance policy and has no obligations under the policy to either Victory or Plaintiffs. (*Id.* at 7.) Defendants offer the declarations of Leigh Ann Crowder, Randall G. Goss, and Norman Girouard. Ms. Crowder is employed by Chubb Custom Market Inc., which is the Underwriting Service Provider for Defendant Chubb Custom Insurance Company. (Doc. No. 10 at 5.) Mr. Goss is the Chairman/CEO of US Risk, Inc. (*Id.* at 111.) They

each declare under penalty of perjury that "US Risk did not issue the Policy" to Victory and that "US Risk is not a party to the Policy with Victory, as is evident from the Policy itself, and had no insurance obligations under such Policy." (*Id.* at 6, 111–12.)

Mr. Girouard is employed by Chubb & Son, which handles claims for policies issued by Defendant Chubb Custom Insurance Company. (*Id.* at 108.) He was primarily responsible for adjusting Victory's claim for coverage (the "Claim") that resulted in the May 2014 final judgment. (*Id.*) He declares under penalty of perjury that U.S. Risk "had no obligation under the Policy with respect to the Claim," "had no material responsibility and no material role in the processing of the Claim," "had no responsibility and no role in the adjustment and handling of the Claim," "had no responsibility and no role in the decision whether to accept or deny coverage of the Claim," and "had no responsibility and no role in the decision whether to accept, deny and/or pay the judgment against Victory." (*Id.* at 109.)

A copy of the policy at issue in this case is attached to Ms. Crowder's affidavit. The policy identifies U.S. Risk, Inc. as the producer. (*Id.* at 10.) The Insured is Victory Drilling LLC and the Name of Company is Chubb Custom Insurance Company. (*Id.*) The policy period is May 20, 2005, to May 20, 2006. (*Id.*)

## II.    LEGAL STANDARDS

Defendants bear the heavy burden of showing that a non-diverse defendant has been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004) (en banc). This burden is met when the defendant shows either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Under the second approach, a party is improperly joined when "there is no reasonable basis for the district

court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. Courts make that determination "in one of two ways." *Id.* "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Or, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine propriety of joinder," the court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* This inquiry is "appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*

"Any contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Travis*, 326 F.3d at 649 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). "[T]he removal statute is . . . to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III.    ANALYSIS

As an initial matter, the Court finds that this is an appropriate case to conduct a summary inquiry. Whether U.S. Risk is a party to the insurance policy issued to Victory is a discrete fact that, if answered in the negative, would bar Plaintiffs' recovery against the sole in-state defendant.

The Court finds that Defendants have met their burden to show that U.S. Risk is improperly joined. Defendants' evidence establishes that U.S. Risk is not a party to the insurance policy that forms the basis for Plaintiffs' claims. Rather, U.S. Risk is the policy's producer, which is another name for an agent or broker. Plaintiffs have not objected to Defendants'

evidence, nor have they offered any contradictory evidence. As a result, Defendants' evidence is uncontested. Because the three declarations and the policy itself demonstrate that U.S. Risk is a producer and not a party to the policy, Plaintiffs have no reasonable basis to recover against the in-state defendant. Accordingly, Plaintiffs' motion to remand is **DENIED** and Plaintiffs' claims against U.S. Risk, Inc. are **DISMISSED WITH PREJUDICE**.

      **IT IS SO ORDERED.**

      **SIGNED** at Houston, Texas, on this the 21st day of January, 2016.

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE